761 So.2d 723 (2000)
Richard LAY
v.
R. RACHEL-MAJOR; Gary Young-CCO II; John Joseph-CCO II; Clay Williams-CCSW III; and Richard Stadler-Secretary, Louisiana Department of Corrections.
No. 99 CA 0476.
Court of Appeal of Louisiana, First Circuit.
May 12, 2000.
Rehearing Denied June 23, 2000.
*724 Richard Lay, Angola, Plaintiff-Appellant, in pro per.
Richard P. Ieyoub, Attorney General, Andre Charles Castaing, Assistant Attorney General, Baton Rouge, for Defendants-Appellees R. Rachel, John Joseph, and Clay Williams.
Before: FOIL, WHIPPLE, and GUIDRY, JJ.
GUIDRY, J.
This is an appeal by appellant, Richard Lay, from the dismissal of his civil action by the district court for failure to state a cognizable claim, or cause of action and/or *725 being frivolous and the assessment of a "strike" against appellant in accordance with La. R.S. 15:1187.

FACTS AND PROCEDURAL HISTORY
Although facts and background information in this matter are sketchy, the cogent information in the record demonstrates that appellant, who is an inmate at Louisiana State Penitentiary at Angola, Louisiana, was in Camp J Extended Lockdown ("Camp J") on November 17, 1997, for a rule violation. However, the record does not indicate how long he had been in Camp J or the specific rule infraction.
Camp J has three maximum security levels. Level I is the lowest level and has the least items and privileges. An inmate evaluation process has been established in Camp J for the purpose of screening the inmates to determine the appropriate level for each inmate. The evaluation is done by a Camp J Management Committee ("Committee"), which consists of a Mental Health Representative, a Security Representative (Captain or higher), a Classification Representative (Classification Specialist II or higher), and the Duty Warden. All inmates in Level I are evaluated every thirty days and the inmates at the other levels are evaluated every ninety days.
Appellant was placed in Level I on November 19, 1997. He was evaluated on December 9, 1997. The evaluation summary indicates that the Committee determined that he should remain at Level I due to (1) "Rule infractions since last evaluation" and (2) "Not Enough Time on Current Level."
As a result of the Committee's decision, appellant filed a petition for judicial review in the Nineteenth Judicial District Court, asserting several federal civil rights violations, breach of contract, Louisiana tort, and state and federal constitutional violations. On January 29, 1998, an order allowing appellant to proceed in forma pauperis was issued. Appellees, R. Rachel, John Joseph, and Clay Williams, answered the petition on March 12, 1998, generally denying the allegations therein.
On March 13, 1998, appellant filed a motion for declaratory and/or injunctive relief. In this motion, appellant argued that the Corrections Administrative Remedy Procedure Act ("CARPA"), La. R.S. 15:1171 et seq., was unconstitutional and, therefore, should not govern his claims. According to appellant, CARPA is an unconstitutional violation of the due process and equal protection clauses of the state and federal constitutions and the Supremacy Clause of the federal constitution. The motion was served on the Attorney General, as is required for all constitutional challenges. On April 7, 1998, appellant amended his motion,[1] adding a challenge that CARPA violates his right to access to the courts. In response to this motion, defendants Rachel, Joseph and Williams filed an exception of no cause of action. Appellant filed a brief in opposition to the exception. In addition, several other pleadings were filed by appellant asserting the same or similar challenges as previously asserted. All of these pleadings were responded to by appellees.
Although appellant requested a hearing on the matter, the court determined that the matter would be decided without oral argument pursuant to La. R.S. 15:1177. However, all parties were given the opportunity to brief the issues before the court.
On December 4, 1998, the commissioner issued her report which recommended that the lawsuit be dismissed in accordance with La. R.S. 15:1184 and La. R.S. 15:1187 and that the dismissal be considered a "strike" against appellant under La. R.S. 15:1187. Appellant, thereafter, filed a traversal to the report and recommendation. Nevertheless, a judgment dismissing *726 the case with prejudice for failure to state a cognizable claim or cause of action was rendered on January 5, 1999. Additionally, a "strike" was assessed against appellant. From this judgment, appellant has appealed.

DISCUSSION
On appeal, appellant raises several issues for review regarding the merits of his claim. We, however, do not specifically address the issues raised by appellant. Instead, we address the appropriate question for this appeal: whether the trial court correctly sustained the exception of no cause of action.
The peremptory exception pleading the objection of no cause of action is a procedural device used to test whether, under the allegations of the petition, the law affords any remedy for the grievance asserted. Leon v. Deters Custom Homes, Inc., 97-0772, p. 3 (La.App. 1st Cir.4/8/98), 711 So.2d 346, 348. The court must accept well-pleaded allegations of fact as true, and the issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. Kewaunee Scientific Corporation v. Charles Ragusa & Son, Inc., 97-1823, p. 7 (La.App. 1st Cir.9/25/98), 723 So.2d 470, 474.
Every reasonable interpretation must be accorded to the language of the petition in favor of maintaining the sufficiency of the petition and affording the litigant an opportunity to present his evidence. Hero Lands Company v. Texaco, Inc., 310 So.2d 93, 96 (La.1975); Jarrell v. Carter, 577 So.2d 120, 123 (La.App. 1st Cir.), writ denied, 582 So.2d 1311 (La. 1991). Any reasonable doubt as to the legal sufficiency of the plaintiff's petition must be resolved in favor of a finding that the petition has stated a cause of action. Jarrell v. Carter, 577 So.2d at 123; Monroe Medical Clinic, Inc. v. Hospital Corporation of America, 522 So.2d 1362, 1364 (La.App. 2nd Cir.1988). No other evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action. LSA-C.C.P. art. 931. For purposes of deciding such an exception, all well pleaded allegations of the petition, as well as those appearing from annexed documents, must be taken as true. Godwin v. East Baton Rouge Parish School Board, 372 So.2d 1060, 1062 (La.App. 1st Cir.), writ denied, 373 So.2d 527 (La. 1979).
Niland's Funeral Service, Inc. v. Stanley, 96-0378, pp. 5-6 (La.App. 1st Cir.11/8/96), 684 So.2d 982, 984.
The court should sustain the exception only if the law affords no remedy under any evidence that is admissible under the pleadings. Leon, 97-0772 at 3, 711 So.2d at 348. "In reviewing a trial court's ruling sustaining an exception of no cause of action, the court of appeal ... should subject the case to de novo review because the exception raises a question of law and the lower court's decision is based only on the sufficiency of the petition." City of New Orleans v. Board of Commissioners of Orleans Levee District, 93-0690, p. 28 (La.7/5/94), 640 So.2d 237, 253.
In his petition for judicial review, appellant alleges claims under 42 U.S.C. §§ 1981, 1983, 1985 and 1988, and state contract as well as tort claims. The factual allegations, however, even when taken as true, do not state a claim under the Civil Rights Act or under state contract and tort law.
Pursuant to La. C.C.P. art. 934, "[w]hen the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court[; however, i]f the grounds of the objection cannot be so removed, ... the action shall be dismissed." In the present case, no amendment can cure the fatal flaws of the petition. This is true because the circumstances of this case do not present a justiciable claim. Accordingly, *727 the trial court was correct in dismissing the suit.
Appellant also alleged several constitutional violations. Specifically, appellant alleged violations of his rights to access to the courts, due process and equal protection. However, as discussed below, appellant's allegations fail to articulate any constitutional violations.

Access to Courts
Article I, section 22 of the Louisiana Constitution of 1974 provides:
All courts shall be open and every person shall have an adequate remedy by due process of law and justice, administered without denial, partiality, or unreasonable delay, for injury to him in his person, property, reputation, or other rights.
The access to courts clause of the Louisiana Constitution does not prohibit legislative restriction of legal remedies. This clause rather operates only to ensure that the courts will be open to provide remedies which are fashioned by the legislature. Sons v. Inland Marine Service, Inc., 577 So.2d 225, 230 (La.App. 1st Cir. 1991).
There is no analogous provision in the United States Constitution. Nevertheless, prisoners do have a constitutional right of adequate, effective, and meaningful access to the courts to petition the government for redress of grievances. Bounds v. Smith, 430 U.S. 817, 821-822, 97 S.Ct. 1491, 1494-1495, 52 L.Ed.2d 72 (1977). This right, however, apparently does not extend to all legal filings, but applies only to the presentation of constitutional claims, such as civil rights complaints and state and federal habeas petitions. Morrow v. Harwell, 768 F.2d 619, 623 (5th Cir.1985). Furthermore, the prisoner, in alleging that he has been denied meaningful access to the courts, must be able to demonstrate an actionable harm that he wished to bring before the courts. See Lewis v. Casey, 518 U.S. 343, 351, 116 S.Ct. 2174, 2180, 135 L.Ed.2d 606 (1996). As previously stated, appellant's petition fails to state an actionable claim and he has no grievance to redress. Appellant has been provided the opportunity via CARPA to present his claims and has had ample access to the courts. So long as the individual is provided "an adequate opportunity to defend themselves before an impartial trier of fact[,]" his right of access to the courts is not violated. Hae Woo Youn v. Maritime Overseas Corp., 605 So.2d 187, 195 (La.App. 5th Cir.), writ granted, 609 So.2d 239(La.), writ denied, 609 So.2d 240 (La.1992), cert. denied, 508 U.S. 910, 113 S.Ct. 2342, 124 L.Ed.2d 252 (1993). In the present case, the fact that appellant can present his case only before a judge without oral argument and not before a jury does not deny him access to the courts. He still had an adequate opportunity to present his claims to an impartial trier of fact.

Due Process and Equal Protection
Appellant's due process and equal protection claims were addressed in detail in the Commissioner's Report which was adopted as reasons for judgment by the district court. Agreeing with the wellreasoned analysis therein, we likewise adopt the Commissioner's report and conclude that appellant has failed to state a constitutional claim. Furthermore, we conclude that the district court was correct is assessing a "strike" against appellant, and we affirm that decision.

CONCLUSION
The judgment of the district court is affirmed. Costs of this appeal are assessed to appellant, Richard Lay.
AFFIRMED.

COMMISSIONER'S REPORT
The Petitioner, Richard Lay, filed this suit on the Uniform Petition for Judicial Review seeking review in accordance with R.S. 15:1171, et seq. of the Department's decision to maintain him in Camp J, Lockdown. *728 Since Lockdown Review Board decisions are excluded from the Administrative Remedy Procedure contained in the Disciplinary Rules and Procedures for Adult Inmates, the Petitioner comes to this Court complaining that the Department has violated his due process and equal protection rights by maintaining him in Level One of Camp J, Extended Lockdown.
The Petitioner was apparently sent to Camp J originally as a disciplinary measure, although the Petitioner does not state in his claim when he was originally placed in lockdown. Disciplinary Detention or Extended Lockdown is defined in the Disciplinary Rules and Procedures for Adult Inmates as follows:
"An indeterminant period of lockdown characterized by routine 90 day classification reviews to determine eligibility/suitability for release from this status. This type of segregation is use primarily after a disciplinary hearing for an inmate found guilty of violating one or more serious rules, or being dangerous to himself or others, or of being a serious escape risk, or of posing a clear threat to the security of the facility.... Inmates in Disciplinary Detention/Extended Lockdown will be reviewed by an appropriate review board for possible release to a less restricted status approximately every ninety (90) days."
In this case, the Petitioner claims that his due process and equal protection rights have been violated due to the fact that he was not afforded a full hearing by the Board before they determined that he would not be moved to a less restrictive custody status. He further claims that the Officers involved in the lockdown review board decision are biased against him because they have been involved in previous boards that found him guilty of rule violations or which failed to release him to less restrictive custody in the past.
Although the Petitioner initially states that his claims include constitutional violations, breach of contract, and one based in tort, the allegations of the petition fail to set forth any contractual dispute or claim in tort. The allegations made by the Petitioner raise only the claims of due process and equal protection violations, and therefore, those are the claims addressed by this report.
As previously stated, the Petitioner's complaint is that 1) he was denied a face to face hearing before the Lockdown Review Board and that 2) the decision to maintain him at Level One was made without allowing him to dispute the findings of the Board. With regard to the Petitioner's claim of a due process violation, the law is clear that the Petitioner is not entitled to a "due process hearing" during the review by the Lockdown Review Board. (cf. Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995); Pichardo v. Kinker, 73 F.3d 612 (5th Cir. Tx., 1996); Giovanni v. Lynn, 48 F.3d 908 (5th Cir., La., 1995); Watts v. Phelps, 377 So.2d 1317 (La.App. 1st Cir.1979).) Although the disciplinary rules state that the inmate's custody status will be reviewed approximately every ninety (90) days by a Lockdown Review Board or Classification Board, there is nothing in the rules that authorize the Petitioner to be present when the review is made. Further, the Constitution does not afford such a right either. (cf. Giovanni v. Lynn, supra.; Sandin v. Conner, supra.) In matters of discipline and prison security, the authority of the Department of Corrections is given great deference. Broad discretion is afforded it to classify and discipline inmates. Watts v. Phelps, 377 So.2d 1317 (La.App. 1st Cir. 1979), citing Sanchez v. Hunt, 329 So.2d 691 (1976). It is only in circumstances where atypical substantial hardships are imposed upon an inmate, such as loss of good-time, that the Constitution mandates minimal due process. Sandin v. Conner, supra.

*729 "Once an inmate has been properly placed in Extended Lockdown and afforded the full process required by Hewitt, the failure to release him ... or to afford him a further hearing ... does not violate his due process rights." Giovanni v. Lynn, 48 F.3d 908 [5th Cir., La., 1995] at p. 913.
In the Giovanni case, the inmate, like the Petitioner herein, complained that he was not allowed to participate in the Lockdown Review Board decisions and should have been released for violations of his due process rights. The Court disagreed. In Pichardo v. Kinker, 73 F.3d 612 (5th Cir. Tx., 1996), the plaintiff/inmate argued that continued confinement in Extended Lockdown created a protectable liberty interest, (a due process right). Again, the Court disagreed, citing Sandin v. Conner and holding that "discipline in segregated confinement did not present the type of atypical significant deprivation in which a state might conceivably create a liberty interest." (at p. 613.) Mr. Pichardo's claim was dismissed as frivolous.
In finding that the Petitioner's claim herein is unmerited, the Court is directed to the following language which fairly describes the handsoff policy that Court's take with regard to this particular type of claim:
"... Louisiana courts give great deference to prisoner administrators in the promulgation and enforcement of disciplinary measures.... In Louisiana, prison officials are accorded wide latitude in the administration of prison affairs. Only in extreme cases will Court's interfere with the administration of prison regulations and disciplinary procedures." Watts v. Phelps, supra. at p. 1320.
In Giovanni, the Court noted with apparent approval that Lockdown Review Board decisions were made in a closed procedure. In that case, the Board determined in closed session that Mr. Giovanni posed a continuing threat to security and therefore, he was to remain in Extended Lockdown. In this case, the Petitioner indicates that he was maintained at Level One due to "new rule infractions since the last evaluation, and 2) Not enough time [at Level One]." The Petitioner has failed to allege that there is any regulation or statute that would authorize, much less require, his presence during the Lockdown Review Board's decisions. Therefore, he has failed to allege, and certainly to prove, that his Due Process rights were violated by the procedure utilized.
With regard to the Petitioner's complaint that the outcome violated his equal protection rights, the Petitioner fails to state a cognizable claim. The only allegation made in reference to the equal protection claim is that "numerous inmates have been released with lesser time and with new rule infractions without a rational justification for a difference of treatment." Considering that prison officials are to be accorded the widest possible deference in the application of policies and practices designed to maintain security and preserve internal order, this sole allegation by the Petitioner is clearly insufficient to raise the specter of an equal protection violation. (cf. McCord v. Maggio, 910 F.2d 1248 (5th Cir., 1990); Bell v. Wolfish, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979).) Courts are required to heed the warning that security considerations are peculiarly within the discretionary province and professional expertise of corrections officials and in the absence of substantial evidence in the record to indicate that officials have exaggerated their response to these penal system considerations, courts should defer to their expert judgment in such matters. (Bell v. Wolfish, 441 U.S. 520, 99 S.Ct. 1861; Pell v. Procunier, 417 U.S. 817, 94 S.Ct. 2800, 2804, 41 L.Ed.2d 495 (1974).) The fact that the officers named as defendants herein may have served on prior Disciplinary Boards or Lockdown Review *730 Boards involving the Petitioner is insufficient to establish bad faith or to state a cognizable claim of constitutional magnitude. The equal protection claim is without merit and is, in fact, frivolous.
The final claim of the Petitioner is that his release is due because of the alleged failure of prison authorities to decide his appeal within the time limits set forth in the Department's Rules and Regulations. Again, this claim is meritless and has previously been discussed at length in the case of Giovanni v. Lynn, supra. In Mr. Giovanni's case, the Department failed to process his appeal within the 120 day limit which, by regulation, automatically granted the appeal on the technical basis of untimeliness. Mr. Giovanni then sought to be released from Extended Lockdown, which was a punishment imposed as a result of the original disciplinary charge. His claim for relief was based upon the Department's untimeliness in addressing his appeal. The Court stated the following:
"The rules, although providing for appeal decisions within 120 days, contain no language that grants a separate right not to be punished at all if a proper appeal is not conducted. The disciplinary rules do not contain a substantive predicate mandating the grant of an appeal or any other outcome should the appeal decision not be rendered within 120 days." (at p. 912.)
The Court went on to note that the failure to timely address the Petitioner's appeal created no protectable liberty interest or due process right in being released from Extended Lockdown and therefore stated no cause of action under Section 1983. Likewise, the Petitioner fails to state a cause of action for release based upon the prison authorities' failure to timely address his appeal.

RECOMMENDATION
Having considered the record herein, and the Petitioner's claims, as well as the statutory and constitutional law pertaining thereto, it is this Writer's finding that the Petitioner has failed to State a cause of action or cognizable claim which would justify relief based upon the allegations made and that therefore, this Court should dismiss the Petitioner's claim, with prejudice, at his cost in accordance with R.S. 15:1184 and 1187 of the Prison Litigation Reform Act, as frivolous and failing to state a cause of action or cognizable claim.
(This Recommendation is made, after reconsideration of the Plaintiff's allegations, and after a determination that the previous Order for Admissions by the Defendants was not required to reach a final determination of the issues before this Court. Therefore, the previous Order requiring the Defendants to respond to the request is hereby vacated.)
It is further noted, for the Court's consideration, that this Writer makes no recommendation on the Petitioner's Motion for Summary Judgment, Motion for Partial Judgment, Motion for Declaratory and Injunctive Relief, and Amended Petition for Declaratory/Injunctive Relief and Appeal to the Trial Court, wherein the Petitioner seeks to raise the constitutionality of the Administrative Procedure Act, found in R.S. 15:1171, et seq. These particular motions have been filed in virtually every lawsuit that the Petitioner has filed in the last year, and have been addressed by this Writer in the case of Richard Lay v. Sergeant Scott, et al, Number 434,804, Division A, a copy of which is attached hereto for the Court's consideration. Although the Defendants filed an Exception of No Cause of Action with regard to the constitutional claims, this Writer makes no separate recommendation with regard to that Exception, but adopts and relies upon the previous report addressing the Petitioner's constitutional claims and the finding that the issues have been finally decided *731 adversely to the Petitioner in the case of Rodney Blackwell v. Louisiana Department of Public Safety and Corrections, et al., 690 So.2d 137 (La.App. 1st Cir., 1997), writ denied, 700 So.2d 507 (1997.)
However, should the Court desire this Writer to address specifically the constitutional claims once again raised by the Petitioner in this lawsuit, the Court is directed to return the file to this office with instructions.
It is further recommended that the suit be dismissed in accordance with R.S. 15:1184 & 15:1187 of the Prison Litigation Reform Act, and that this dismissal act as a "Strike" against the Petitioner in future lawsuits, with all attendant consequences.
Respectfully submitted, this 4th day of Dec., 1998 at Baton Rouge, Louisiana.
/s/ Rachel P. Morgan
 RACHEL P. MORGAN,
 COMMISSIONER, SECTION A
 Nineteenth Judicial District Court
NOTES
[1] The amended "motion" is captioned as an "Amended Petition for Declaratory/Injunctive Relief."