DOWNING, J.
| aThis matter involves the constitutionality and interpretation of La. R.S. 15:708, which authorizes parish sheriffs to allow prisoners to voluntarily perform manual labor in public buildings. Here, a prisoner in custody of the Sheriff of Terrebonne Parish (Sheriff), defendant/appellee, allegedly left excess water on the floor of the Houma Police Station as a result of mopping the floor. Plaintiff/appellant, Alicia *142 Hite,[1] a dispatcher for the Houma Police Department, asserts that she slipped as a result of the prisoner’s failure to post cones or other warnings of the slippery floor. Upon considering the motion for summary judgment filed by the Sheriff and his co-defendant, Coregis Insurance Company, the trial court granted summary judgment in their favor, dismissing the Hites’s claims against them. For the following reasons, we affirm.
On appeal, Hite raises four assignments of error, summarized as follows:
1. the trial court erred in applying La. R.S. 15:708 and its standard of care of gross negligence or intentional act to the facts of this case;
2. the trial court erred in applying the gross negligence or intentional act standard of care to the Sheriffs acts in assigning prisoners to perform manual labor at the Houma Police Department;
3. the trial court erred in finding that there were no issues of material fact that would preclude summary judgment;
4. the trial court erred in failing to conclude that the gross negligence standard of care denied Hite the constitutional guarantee of due process.
DISCUSSION
Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and that the | smover is entitled to judgment as a matter of law. La. C.C.P. art. 966 B. In determining whether summary judgment is appropriate, appellate courts conduct a de novo review of the evidence, employing the same criteria that govern the trial court’s determination of whether summary judgment is appropriate. Osborne v. JAG Const. Services, Inc., 04-0437, p. 4 (La.App. 1 Cir. 2/16/05), 906 So.2d 601, 603, writ denied, 05-0739 (La.5/6/05), 901 So.2d 1101.
At issue here are the applicability of La. R.S. 15:708 and the Sheriffs entitlement to summary judgment thereunder. This statute provides in pertinent part as follows:
A. (l)(a) Whenever a prisoner sentenced to a parish prison of any parish of the state, by any court of competent jurisdiction, or a prisoner in a parish prison awaiting transfer to a state correctional facility shall be willing of his own free will to perform manual labor upon ... public buildings ... the sheriff may set the prisoner to work.... The prisoners shall always remain under the custody and control of the sheriffs.
(b) A prisoner, who participates in a litter abatement or collection program pursuant to this Paragraph, shall have no cause of action for damages against the sheriff conducting the program or supervising his participation therein, nor against any employee or agent of such sheriff, for any injury or loss suffered by him during or arising out of his participation in the program, if such injury or loss is a direct result of the lack of supervision or act or omission of the sheriff or his employee or agent, unless the injury or loss was caused by the intentional or grossly negligent act or omission of the sheriff or his employee or agent. The sheriff shall not be liable for any injury caused by the prisoner, unless the gross negligence or intentional act of the sheriff or his employee or *143 agent was a substantial factor in causing the injury.

Assignment of Error no. 1

In her first assignment of error, Hite argues that La. R.S. 15:708 is inapplicable here. She argues that since the sheriff did not retain custody and control of the prisoner at all times, the statute should somehow be inapplicable. Particularly, she argues that the statute was never intended to Rapply to situations where prisoners perform manual labor or otherwise walk around without supervision by the sheriffs department. We disagree and conclude that La. R.S. 15:708 is applicable.
As the Louisiana Supreme Court recently reaffirmed regarding statutory interpretation:
“Legislation is the solemn expression of legislative will, and therefore, the interpretation of a law involves primarily the search for the legislature’s intent.” The interpretation of a statute starts with the language of the statute itself. When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written, and no further interpretation may be made in search of the intent of the legislature.
Denham Springs Economic Development Dist. v. All Taxpayers, Property Owners, 04-1674, pp. 6-7 (La.2/4/05), 894 So.2d 325, 380-31 (citations omitted). Here, the language of La. R.S. 15:708(A)(l)(a) clearly allows the Sheriff to put prisoners to work performing manual labor in public buildings. Nothing in the language of the statute makes the statute inapplicable should the Sheriff delegate control of the prisoner to a trained officer of a fellow law enforcement agency or to any other person or agency. Applying the plain language of the statute, we conclude that La. R.S. 15:708 governs authorized labor by prisoners held by a Louisiana Sheriffs department.
Even so, Hite argues that the statute is violated where a sheriff delegates control of a prisoner to another agency. We do not decide this issue or the others raised by Hite in this regard. We only observe here that such delegation does not defeat the applicability of La. R.S. 15:708 under the statute’s clear and unambiguous language.
This assignment of error is without merit.
15 Assignment of Error no. 2
Hite next argues that the intentional tort or gross negligence standard set forth in La. R.S. 15:708(A)(l)(b) is inapplicable to the facts before us because the prisoner was riot participating in a litter abatement or collection program. This argument misstates or misunderstands the language of the paragraph. The first part of the paragraph addresses a sheriffs liability to a prisoner for his injury or loss while participating in a litter abatement or collection program. The first part limits a sheriffs liability for injuries or losses to a prisoner caused by the sheriffs intentional or grossly negligent acts. The paragraph then states, “The sheriff shall not be liable for any injury caused by the prisoner, unless the gross negligence or intentional act of the sheriff or his employee or agent was a substantial factor in causing the injury.” This sentence is not limited to participation in a litter abatement or collection program. Further, this sentence refers to injury caused by the prisoner.
Applying the aforementioned statutory interpretation principles, we conclude that the proper standard for determining liability of sheriffs under La. R.S. 15:708(A)(1) for injuries to others caused by a prisoner is whether the sheriffs gross negligence or *144 intentional act was a substantial factor in causing the injury.
Accordingly, Hite’s second assignment of error is without merit.

Assignment of Error no. 3

Hite next argues that genuine issues of material fact exist to preclude entry of summary judgment. She argues that there is no evidence that the Sheriffs “Inmate/Trustee Work Program Rules and Regulations” were promulgated prior to the accident or that they were transmitted to the Houma Police Department. She further argues that the accident could have been | (¡avoided had the Sheriff not delegated control of the prisoner to another agency and that such conduct constitutes gross negligence.
In Ambrose v. New Orleans Police Dept. Ambulance Service, 93-3099, pp. 5-6 (La.7/5/94), 639 So.2d 216, 219-20, the supreme court discussed the concept of gross negligence as follows:
Louisiana courts have frequently addressed the concept of gross negligence. Gross negligence has been defined as the “want of even slight care and diligence” and the “want of that diligence which even careless men are accustomed to exercise.” Gross negligence has also been termed the “entire absence of care” and the “utter disregard of the dictates of prudence, amounting to complete neglect of the rights of others.” Additionally, gross negligence has been described as an “extreme departure from ordinary care or the want of even scant care.” “There is often no clear distinction between such [willful, wanton, or reckless] conduct and ‘gross’ negligence, and the two have tended to merge and take on the same meaning.” Gross negligence, therefore, has a well-defined legal meaning distinctly separate, and different, from ordinary negligence. (Citations omitted.)
Here, the undisputed facts show that the Sheriff had the prisoner at issue picked up by the Houma Police Department and taken to its headquarters where the prisoner was left under the control of a trained police officer, Lt. Patrick Babin. Even Hite acknowledges in her brief that one of the purposes of the statute is to ensure police protection of the public when prisoners are doing public work. Assuming arguendo that Lt. Babin was not adequately supervising the prisoner, there is no evidence that the Sheriff had any knowledge of the inadequacy. Accordingly, we cannot conclude that the Sheriff exercised a “want of even slight care and diligence” and the “want of that diligence which even careless men are accustomed to exercise.” Id. Accordingly, the trial court did not err in concluding that no genuine issue of material fact remained regarding the Sheriffs alleged negligence.
Hite next argues that the Sheriff should be held vicariously liable for the prisoner’s acts. However, the plain language of La. R.S. |715:708(A)(l)(b) precludes such vicarious liability. Hite’s third assignment of error is without merit.

Assignment of Error no. k

In her fourth assignment of error, Hite argues that employing the standard of gross negligence under La. R.S. 15:708(A)(1) violates her right to due process under the United States and Louisiana constitutions. Particularly, she argues that she is being denied access to the courts because her property right in a claim for negligence under La. C.C. art. 2315 is being denied by application of the gross negligence standard. She also argues that she is being denied equal protection under the Fourteenth Amendment to the United States constitution and that La. R.S. 15:708 violates the Anti-Sovereign Immunity Clause of the Louisiana consti *145 tution “because there is no purpose served by increasing the burden to gross negligence and/or intentional acts” in that statute. We disagree.
In St. Mary Anesthesia Associates, Inc. v. Hospital Service Dist. No. 2 of Parish of St. Mary, 01-2852, p. 6 (La.App. 1 Cir. 12/20/02), 836 So.2d 379, 384, this court explained the burden of proving a statute unconstitutional as follows:
Statutes are presumed constitutional unless fundamental rights, privileges, or immunities are involved. This presumption is especially forceful in the case of statutes enacted to promote a public purpose.
The burden of proving that an act is unconstitutional is upon the party attacking the act. This is a heavy burden. It is not enough for a person challenging a statute to show that its constitutionality is fairly debatable; it must be shown clearly and convincingly that it was the constitutional aim to deny the legislature the power to enact the statute. To successfully challenge a legislative act as unconstitutional, the challenger must show that no circumstances exist under which the act would be valid. (Citations omitted.)
The only evidence Hite presents in favor of her argument that La. R.S. 15:708 is unconstitutional is that she has a higher burden of proof against the | Ssheriff than she would have against other defendants. We conclude that this evidence is insufficient as a matter of law to show “clearly and convincingly that it was the constitutional aim to deny the legislature the power to enact the statute.” Id.
 Regarding Hite’s argument that she is being denied equal protection of the law by imposing on her a higher burden of proof, we note that among other things, “[t]he state and federal constitutional guarantees of equal protection mandate that state laws affect alike all persons and interests similarly situated.” State v. Brown, 94-1290, p. 6 (La.1/17/95), 648 So.2d 872, 876. Here, the terms of La. R.S. 15:708 appear to apply equally to all persons suing a sheriff for harm occasioned by a prisoner on work release. And Hite makes no showing that La. R.S. 15:708 can be applied differently to different plaintiffs who would sue the sheriff. Accordingly, we conclude Hite failed to show any genuine issue of material fact regarding denial of equal protection of the laws.
Regarding Hite’s argument that she is being denied access to the courts, this court recognized in Lay v. Rachel-Major, 99-0476, p. 6 (La.App. 1 Cir. 5/12/00), 761 So.2d 723, 727, that “[t]he access to courts clause of the Louisiana Constitution does not prohibit legislative restriction of legal remedies. This clause rather operates only to ensure that the courts will be open to provide remedies which are fashioned by the legislature.” In this case, Hite has made no showing that the courts were not open to provide her the remedy fashioned by the legislature. Accordingly, we conclude Hite failed to show any genuine issue of material fact regarding denial of access to the courts.
Louisiana Constitution art. XII, § 10(A) states that “[n]either the state, a state agency, nor a political subdivision shall be immune from suit and | ¡liability in contract or for injury to person or property.” Hite argues that the heightened burden of proof she is required to meet under La. R.S. 15:708 effectively reinstates sovereign immunity.
In Foster v. Hampton, 352 So.2d 197, 202 (La.1977), the supreme court agreed with this circuit’s analysis regarding sovereign immunity as it applied to liability for acts of a sheriffs deputies, as follows:
*146 The First Circuit, in responding to this argument, stated: “There is no merit in the appellant’s position that the protection granted to sheriffs is a governmental immunity, which was abolished by the Louisiana Constitution of 1974, article 12, section 10(A). Sheriffs never had immunity from suit. Their protection against liability is merely a legislative restriction to liability for breach of an official duty....”
We agree with the appellate court’s conclusion that R.S. 33:1433 does not provide a governmental immunity to the sheriff. The principle that a sheriff is liable only for the official acts of his deputy is subscribed to in jurisdictions throughout the country, and nowhere is the theory of sovereign immunity relied upon in protecting the sheriff from liability. R.S. 33:1433 limits the sheriffs individual liability to acts over which he has direct control.... The statute was intended to recognize the special relationship between the sheriff and his deputy, which is not the traditional employer-employee relationship. Only when the sheriff personally directs the deputy in a wrongful act does he create the kind of private relationship that would subject him to individual liability. Art. 12, § 10(A), therefore, has no effect upon the liability of a sheriff for a deputy’s wrongful acts while performing an official duty.
Similarly, La. R.S. 15:708 affords sheriffs no governmental immunity. Rather, “ ‘[tjheir protection against liability is merely a legislative restriction to liability for breach of an official duty,” ’ Id., that recognizes the special relationship between the sheriff and his prisoner on work release.
Here, Hite has made no showing that La. R.S. 15:708 implicitly grants a sheriff sovereign immunity. Accordingly, we con-elude Hite failed to show any genuine issue of material fact regarding a violation of the constitutional waiver of sovereign immunity under La Const, art. XII, § 10(A).
ImDECREE
For the foregoing reasons, we affirm the summary judgment entered by the trial court dismissing the claims of Alicia Hite and her husband, John Hite, with prejudice. Costs are assessed to Alicia and John Hite.
AFFIRMED.
CARTER, C.J., concurs.

. John Hite, Alicia’s husband, is also named as a plaintiff and appellant.