STONE, J.
The applicant, Michael L. Shannon, filed a petition contesting the adoption of his biological daughter, A.K.O. Thereafter, the applicant amended his petition to challenge the constitutionality of La. Ch. C. art. 1138, which requires an unwed biological father to show substantial commitment to the minor child and parental fitness in order to successfully challenge the adoption. The trial court found La. Ch. C. art. 1138 constitutional, and the applicant now seeks supervisory review of the finding.
*1098 Since Louisiana statutes are presumed constitutional, the party challenging the statute bears the burden of proving it is unconstitutional. Krielow v. Louisiana Dep't of Agric. & Forestry , 2013-1106 (La. 10/15/13), 125 So.3d 384, 388. The burden plaintiffs carry in challenging the constitutionality of a statute is a heavy burden. It is not enough for a person challenging a statute to show that its constitutionality is fairly debatable; it must be shown clearly and convincingly that it was the constitutional aim to deny the legislature the power to enact the statute. Carver v. Louisiana Dep't of Pub. Safety, 2017-1340 (La. 1/30/18), 239 So.3d 226 ; Hite v. Larpenter , 04-1821 (La. App. 1 Cir. 9/23/05), 923 So.2d 140, 145, writ denied , 05-2255 (La. 3/10/06), 925 So.2d 511.
We granted this writ to docket for further briefing and oral argument. After entertaining the arguments of all parties involved in this matter, we find no constitutional issues with La. Ch. C. art. 1138. The applicant's writ is denied.
WRIT DENIED.
MOORE, J., concurs and assigns additional reasons.
MOORE, J., concurs and assigns additional reasons.
I concur in the denial of this writ application. However, because one of the arguments is significant and novel, I write to assign additional reasons.
The applicant, Shannon, was in a romantic relationship with VO, who became pregnant. The couple broke up, and VO told Shannon that she had miscarried. However, she gave birth to the child, AKO, in August 2013, and formally surrendered him to an adoption agency. When Shannon learned of this, he tried to contact the adoption agency, and was rebuffed; he then took a DNA test, which confirmed his paternity, and registered with the state's putative fathers' registry. When the prospective adoptive parents, SD and LD, filed suit to formalize the adoption, Shannon intervened, filed an acknowledgment of AKO, and alleged that La. Ch. C. art. 1138 unconstitutionally deprived him of equal protection and due process. The district court denied the constitutional claim, and Shannon took this writ, which we scheduled for oral argument.
Specifically, Shannon contests Art. 1138 A, which requires an alleged or adjudicated father to establish his parental rights by acknowledging his paternity "and by proving that he has manifested a substantial commitment to his parental responsibilities and that he is a fit parent of his child." While this article postures him and the mother as similarly situated individuals, he contends it places on the unwed biological father an undue burden to prove his fitness, a burden not placed on unwed biological mothers or married parents. He contends that this disparate treatment and classification by gender is inherently suspect and should be subject to close scrutiny. He submits that Art. 1138 creates a presumption of unfitness of an unwed biological father, which he must disprove, and that there is no compelling state interest in this burden of proof. In support, he cites a concurring opinion in In re AJF, Applying for Private Adoption , 2000-0948 (La. 6/30/00), 764 So.2d 47 ("This disparity is unfair and appears on its face to violate the equal protection clause of the United States Constitution").
No law shall arbitrarily, capriciously, or unreasonably discriminate against a person because of birth, age, sex, culture, physical condition, or political ideas or affiliations. La. Const. art. 1, § 3. The legislature's purpose in establishing classifications must be considered in the context in which the legislation was enacted. Moore v. RLCC Techs. Inc. , 95-2621 (La. 2/28/96), 668 So.2d 1135. Article 1138 was enacted in *1099 1991, following the Louisiana Supreme Court's recommendations in In Re Adoption of BGS , 556 So.2d 545 (La. 1990), which declared La. R.S. 9:422.8 unconstitutional because it deprived unwed fathers with protected interests in their children of parental rights without prior notice and an opportunity to be heard before a neutral decision-maker. The court cited United States Supreme Court jurisprudence rejecting the presumption that unwed fathers are unfit to have custody of their children, Stanley v. Illinois , 405 U.S. 645, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972), rejecting a scheme in which the unwed father's consent to an adoption was not considered, Caban v. Mohammed , 441 U.S. 380, 99 S.Ct. 1760, 60 L.Ed.2d 297 (1979), but upholding a New York statute that required the unwed father to demonstrate a full commitment to the responsibilities of parenthood, Lehr v. Robertson , 463 U.S. 248, 103 S.Ct. 2985, 77 L.Ed.2d 614 (1983).
More recently, this court applied the same principles to affirm the termination of parental rights of an unwed biological father, Suttle v. Easter , 45,236 (La. App. 2 Cir. 12/10/09), 26 So.3d 1001, writ denied , 2009-2826 (La. 1/19/10), 25 So.3d 128. We concluded that the biological father does not necessarily have a fully established protected right to a parental relationship with his child until he demonstrates his fitness and commitment according to the standards provided by the law. "Due process guarantees him notice, hearing and an adequate opportunity to make such a showing; it does not require, however, that he be presumed fit and committed to parental responsibilities or that the burden of proving otherwise be allocated to the parties supporting the surrender." Id. at p. 9, 26 So.3d at 1006-1007.
In my view, the jurisprudence of Lehr v. Robertson , supra , and Suttle v. Easter , supra , completely refutes Shannon's due process claim.
His equal protection argument appears to be novel, at least in Louisiana, and deserves more than peremptory discussion. On this point, the rationale of the Utah Supreme Court in In Re Adoption of JS , 358 P.3d 1009 (Utah 2014), cert. denied , --- U.S. ----, 136 S. Ct. 31, 193 L.Ed.2d 24 (2015), is highly persuasive. A Utah statute required an unmarried biological father to file an affidavit asserting his willingness to assume custody of the child, his plan for care, and his agreement to pay all expenses in connection with the mother's pregnancy and the child's birth, in order to oppose an adoption. The unwed biological father, Bolden, challenged the statute on due process and equal protection grounds. The court turned away the challenge, noting that in every state, "unwed fathers are required to fulfill legal requirements not imposed on unwed mothers[.]" Id. at 1012. The differing treatment for fathers is "not from an outmoded stereotype but from a straightforward matter of biology." Id. at 1028. An unwed mother's connection to her child is objectively apparent, and substantial; the unwed father's is "inherently different." His connection to his offspring may be unknown or at least indeterminate; he has not necessarily given an objective manifestation of his commitment to the child's best interests; and the law has "long deemed the unwed father's rights as only inchoate or provisional[.]" Id. at 1031. The court concluded that the law's disparate treatment may not be perfect or immune from criticism as a policy matter, but it is not unconstitutional.
I would fully subscribe to the rationale and conclusions voiced in In Re Adoption of JS . Article 1138's requirement of proving "that he has manifested a substantial commitment to his parental responsibilities and that he is a fit parent of his child" merely puts unwed parents on equal footing. This is not too much to ask, when *1100 balanced against the mother's commitment to carry the child to term.
Not only is Art. 1138 sufficient to satisfy equal protection, but I would note that Shannon has yet to present his case as to parental fitness in the district court. If he meets his burden of proof, no adoption can take place without his consent. At this juncture, however, the alleged constitutional violation is purely theoretical, even conjectural.
With these additional observations, I concur in the writ denial.